UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANO GAYER XAVIER, A-222-597-552,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-06869-DC-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement (ICE) and proceeds without counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed a motion to dismiss and opposition to all relief. (ECF No. 6.) Petitioner did not file an optional reply and the time granted to do so has expired. (<u>See</u> ECF No. 4.) For the reasons set forth below, the undersigned recommends the petition be denied except as to the relief already granted and provided in the form of a bond hearing.

Petitioner is a citizen and national of Brazil who entered the United States on or about April 9, 2019, under F1 nonimmigrant status. (ECF No. 6 at 7.) Under respondent's evidence, petitioner was arrested in Utah for forgery on July 15, 2026, and convicted of unlawfully possessing identification of another on July 28, 2026. (<u>Id.</u> at 14, 15, 18.) On July 29, 2026, petitioner was served with a Notice to Appear charging him as subject to removal under Section

237(a)(1)(C)(i) of the Immigration and Nationality Act (INA), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he failed to maintain or comply with the conditions of the nonimmigrant status under which he was admitted. (Id. at 7-9.) Petitioner has been detained in ICE custody since July 29, 2026. (Id. at 3.)

In the pending petition, petitioner challenges the statutory and constitutional authority for his present confinement. (ECF No. 1 at 1.) He seeks immediate release from custody. (Id. at 11.) Respondent argues petitioner is lawfully detained under 8 U.S.C. § 1226(a) pending removal proceedings. (ECF No. 6.)

The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

On September 2, 2026, the district court judge assigned to this case ordered by way of temporary restraining order that respondent provide petitioner with a bond hearing before an Immigration Judge at which petitioner "shall bear the burden of showing that he is not a flight risk or a risk to community safety" and that petitioner have "seven days' advance notice of the date and time of the scheduled bond hearing and [be allowed to] have counsel present at the hearing should he so desire[.]" (ECF No. 7.) On September 15, 2026, respondent filed a notice of compliance indicating a bond hearing was held on September 14, 2026, at which the IJ denied bond, finding petitioner presented a risk of danger and flight if released. (ECF No. 8 at 3-5.) The IJ properly relied on the recency, extent, and seriousness of petitioner's criminal record. (Id. at 4-5.) This court may not second guess the IJ's weighing of the evidence. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024).

As an alternative to a bond hearing, petitioner seeks release from custody. However, petitioner provides no authority showing he is entitled to an order of release. Petitioner acknowledges he has not been re-detained after a prior immigration release. (ECF No. 1 at 9.) There is no indication immigration officials have previously released petitioner upon finding he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). The record lacks evidence that petitioner acquired a due process liberty interest in remaining free from immigration detention.

In contrast to other cases petitioner cites where the remedy of release was ordered (ECF No. 1 at 10), here respondent has shown that petitioner is detained under 8 U.S.C. § 1226. Petitioner's present custody is also unlike the cases he advances (id. at 6) where a court held the absence of a lawful § 1226(a) arrest supports the remedy of release. The record includes a Form I-200 Warrant for petitioner's arrest dated July 29, 2026. (ECF No. 6 at 21.) The record also contains a Form I-286 Notice of Custody Determination dated July 29, 2026. (Id. at 23.)

"[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for [any] failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release." Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026). Petitioner has already received the remedy of a bond hearing, and fails to show he is presently in custody in violation of the Constitution or federal law.

Therefore, IT IS RECOMMENDED as follows:

1. Except as to the relief in the form of an individualized bond hearing which was already provided, petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.
2. Respondent's motion to dismiss (ECF No. 6) be denied as moot.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 xavi6869.mer